134.    During all times relevant to this matter, the Pentucket Regional School District was responsible for the oversight and management of all schools, staff, and students within the school district, including Pentucket Regional High School, Principals John Parkhurst and Arlene Townes, Athletic Director David Morse, coach and teacher Steven Hayden, and students Michael Bianci, Adam Chapman, and Scott Wilkes.

135.    At all times relevant to the instant matter, Parkhurst, Townes, Morse, and Hayden were public employees of the Pentucket Regional School District acting within their scope of employment.

136.    As public employees, Parkhurst, Townes, Hayden, and Morse failed in their responsibilities to supervise, protect, and guide Pentucket Regional High School students, especially student athletes on the football team.

137.    As public employees, Hayden required Weymouth to participate in the summer football training camp and assured Weymouth that he would be safe and supervised at camp and Morse assured Lorraine Weymouth that nothing would happen to her son at camp, all despite the known history of abuse at the camp.

138.    As public employees in administrative roles, Parkhurst, Townes, and Morse failed in their responsibility to establish and enforce policies, including a state-mandated anti-hazing policy, among the faculty and coaching staff of the Pentucket Regional High School that would have averted the Weymouth assault.

139.    Despite being in the best positions to do so, Parkhurst, Townes, Hayden, and Morse negligently, carelessly, and recklessly did nothing to prevent Weymouth, a student under their supervision, from being abused by other student athletes despite a history of assault by participants of the football training camp.

140.    As a direct and proximate result of the aforementioned negligence, carelessness, and recklessness, Weymouth suffered physical and mental personal injuries, actionable under M.G.L. c. 258, § 2.

WHEREFORE, Weymouth demands judgment against the Defendant for compensatory damages, together with costs, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT IX
### Massachusetts Civil Rights Act
### (SCOTT WILKES)

141.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 140 of the instant Complaint as if expressly rewritten and set forth herein.

142.    On August 23, 2001, Scott Wilkes physically restrained Weymouth so that other students could sexually and verbally assault Weymouth, including attempting to stick a banana in his rectum.

143.    On that same date, Wilkes sexually assaulted Weymouth by intentionally dragging his genitalia across Weymouth's face while other students restrained Weymouth.

144.    By harassing and assaulting Weymouth, Wilkes violated Weymouth's civil rights secured by the United State Constitution and the Massachusetts Declaration of Rights, including Weymouth's rights to bodily integrity and liberty, by using threats, intimidation, and/or coercion, all of which is a violation of M.G.L. c. 12, § 11I.

145.    As a direct and proximate result of Wilkes' actions, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for compensatory damages, together with costs pursuant to M.G.L. c. 12, § 11I, including reasonable

attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT X
**Massachusetts Civil Rights Act
(MICHAEL BIANCI)**

146.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 145 of the instant Complaint as if expressly rewritten and set forth herein.

147.    On August 23, 2001, Michael Bianci physically restrained Weymouth so that other students could sexually and verbally assault Weymouth, including teabagging him.

148.    On that same date, Bianci flipped Weymouth on his stomach, pulled down his pants, and attempted to insert a banana in Weymouth's rectum while other students restrained Weymouth.

149.    By physically harassing and assaulting Weymouth, Bianci violated Weymouth's civil rights secured by the United State Constitution and the Massachusetts Declaration of Rights, including Weymouth's rights to bodily integrity and liberty, by using threats, intimidation, and/or coercion, all of which is a violation of M.G.L. c. 12, § 11I.

150.    As a direct and proximate result of Bianci's actions, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for compensatory damages, together with costs pursuant to M.G.L. c. 12, § 11I, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT XI
**Massachusetts Civil Rights Act
(ADAM CHAPMAN)**

151.   The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 150 of the instant Complaint as if expressly rewritten and set forth herein.

152.   On August 23, 2001, Adam Chapman verbally coerced and physically restrained Weymouth so that other students could sexually and verbally assault Weymouth, including teabagging him and attempting to insert a banana in his rectum.

153.   By harassing and restraining Weymouth, Chapman violated Weymouth's civil rights secured by the United State Constitution and the Massachusetts Declaration of Rights, including Weymouth's rights to bodily integrity and liberty, by using threats, intimidation, and/or coercion, all of which is a violation of M.G.L. c. 12, § 11I.

154.   As a direct and proximate result of Chapman's actions, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for compensatory damages, together with costs pursuant to M.G.L. c. 12, § 11I, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT XII
### Assault and Battery
### (SCOTT WILKES)

155.   The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 154 of the instant Complaint as if expressly rewritten and set forth herein.

156.   On August 23, 2001, Scott Wilkes physically restrained Weymouth so that other students could sexually and verbally assault Weymouth, including attempting to stick a banana in his rectum.

157.    Wilkes physically assaulted Weymouth by intentionally dragging his genitalia across Weymouth's face.

158.    As a result of the assault and battery by Wilkes, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XIII
### Assault and Battery
### (MICHAEL BIANCI)

159.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 158 of the instant Complaint as if expressly rewritten and set forth herein.

160.    On August 23, 2001, Michael Bianci physically restrained Weymouth so that other students could sexually and verbally assault Weymouth, including teabagging him.

161.    On that same date, Bianci physically assaulted by intentionally flipping Weymouth on his stomach, pulling off his pants, and attempting to insert a peeled banana into Weymouth's rectum.

162.    As a result of the assault and battery by Bianci, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XIV
### Assault and Battery
### (ADAM CHAPMAN)

163.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 162 of the instant Complaint as if expressly rewritten and set forth herein.

164.    On August 23, 2001, Adam Chapman intentionally verbally assaulted and physically restrained Weymouth during the aforementioned hazing incident.

165.    As a result of the assault and battery by Chapman, Weymouth suffered physical and mental personal injuries.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XV
### Intentional Infliction of Emotional Distress
### (SCOTT WILKES)

166.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 165 of the instant Complaint as if expressly rewritten and set forth herein.

167.    On August 23, 2001, Scott Wilkes physically restrained Weymouth and dragged his genitalia across Weymouth's face, acts that were intended to cause Weymouth emotional distress.

168.    At the very least, Wilkes knew or should have known that by hazing Weymouth in this manner, Weymouth would suffer emotional distress.

169.    Publicly dragging one's genitals across another person's face is an extreme, outrageous, and intolerable act of humiliation that transcends the bounds of decency.

170.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Wilkes' actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

**COUNT XVI**
**Intentional Infliction of Emotional Distress**
**(MICHAEL BIANCI)**

171.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 170 of the instant Complaint as if expressly rewritten and set forth herein.

172.    On August 23, 2001, Michael Bianci physically restrained Weymouth so that other students could physically and verbally assault Weymouth, including teabagging him, all of which were acts intended to cause Weymouth emotional distress.

173.    On that same date, Bianci physically assaulted Weymouth by flipping Weymouth on his stomach, pulling down his pants, and attempting to insert a peeled banana into Weymouth's rectum, acts that were intended to cause Weymouth emotional distress.

174.    At the very least, Bianci knew or should have known that by hazing Weymouth in this manner, Weymouth would suffer emotional distress.

175.    Holding someone down during a series of physically insulting acts and publicly attempting to insert a peeled banana into another person's rectum are extreme, outrageous, and intolerable acts of humiliation that transcend the bounds of decency.

176.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Bianci's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

**COUNT XVII**
**Intentional Infliction of Emotional Distress**
**(ADAM CHAPMAN)**

177.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 176 of the instant Complaint as if expressly rewritten and set forth herein.

178.    On August 23, 2001, Adam Chapman verbally coerced and physically restrained Weymouth so that other students could physically and verbally assault Weymouth, including teabagging him and attempting to insert a peeled banana in his rectum, all acts that were intended to cause Weymouth emotional distress.

179.    At the very least, Chapman knew or should have known that by hazing Weymouth in this manner, Weymouth would suffer emotional distress.

180.    Holding someone down during a series of physically insulting acts intended as hazing is an extreme, outrageous, and intolerable act of humiliation that transcends the bounds of decency.

181.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Chapman's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XVIII
### Negligent Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

182.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 181 of the instant Complaint as if expressly rewritten and set forth herein.

183.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

184.    Despite notice of a practice and custom of hazing on the high school football team, implementing an anti-hazing policy, and state law forbidding hazing, the Pentucket Regional School District failed to do anything to deter student athletes from assaulting Weymouth at football camp during an annual hazing ritual.

185.    At the very least, the Pentucket Regional School District was negligent and careless by allowing students to haze Weymouth in this way.

186.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by the Pentucket Regional School District's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XIX
### Negligent Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL COMMITTEE)

187. The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 186 of the instant Complaint as if expressly rewritten and set forth herein.

188. On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

189. Despite notice of a practice and custom of hazing on the high school football team, implementing an anti-hazing policy, and state law forbidding hazing, the Pentucket Regional School Committee failed to do anything to deter student athletes from assaulting Weymouth at football camp during an annual hazing ritual.

190. At the very least, the Pentucket Regional School Committee was negligent and careless by allowing students to haze Weymouth in this way.

191. Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by the Pentucket Regional School Committee's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XX
### Negligent Infliction of Emotional Distress
### (MICHAEL J. MCLAUGHLIN)

192. The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 191 of the instant Complaint as if expressly rewritten and set forth herein.

193.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

194.    Despite notice of a practice and custom of hazing on the high school football team, implementing an anti-hazing policy, and state law forbidding hazing, Michael J. McLaughlin, as Superintendent of Pentucket Regional School District, failed to do anything to deter student athletes from assaulting Weymouth at football camp during an annual hazing ritual.

195.    At the very least, McLaughlin was negligent and careless by allowing students to haze Weymouth in this way.

196.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by McLaughlin's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XXI
### Negligent Infliction of Emotional Distress
### (JOHN PARKHURST)

197.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 196 of the instant Complaint as if expressly rewritten and set forth herein.

198.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

199.    Despite notice of a practice and custom of hazing on the high school football team,

implementing an anti-hazing policy, and state law forbidding hazing, John Parkhurst, as

Principal of Pentucket Regional High School, failed to do anything to deter student athletes from

assaulting Weymouth at football camp during an annual hazing ritual.

200.    At the very least, Parkhurst was negligent and careless by allowing students to haze

Weymouth in this way.

201.    Weymouth suffered severe mental and emotional distress as a result of the hazing

incident, which was caused by Parkhurst's actions, just as any reasonable person in the situation

would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an

amount adequate to compensate him for his injuries, costs, and such further relief as this Court

deems appropriate.

## COUNT XXII
### Negligent Infliction of Emotional Distress
### (ARLENE TOWNES)

202.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 201 of the

instant Complaint as if expressly rewritten and set forth herein.

203.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and

verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana

into his rectum.

204.    Despite notice of a practice and custom of hazing on the high school football team,

implementing an anti-hazing policy, and state law forbidding hazing, Arlene Townes, as

Principal of Pentucket Regional High School, failed to do anything to deter student athletes from

assaulting Weymouth at football camp during an annual hazing ritual.

205.    At the very least, Townes was negligent and careless by allowing students to haze Weymouth in this way.

206.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Townes' actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

## COUNT XXIII
## Negligent Infliction of Emotional Distress
## (DAVID MORSE)

207.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 206 of the instant Complaint as if expressly rewritten and set forth herein.

208.    Morse recklessly and/or deliberately placed Weymouth in greater danger by alerting the ultimate perpetrators of Weymouth's concerns and then failing to protect Weymouth.

209.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

210.    Despite notice of a practice and custom of hazing on the high school football team, implementing an anti-hazing policy, and state law forbidding hazing, David Morse, as Athletic Director for Pentucket Regional High School, failed to do anything to deter student athletes from assaulting Weymouth at football camp during an annual hazing ritual.

211.    At the very least, Morse was negligent and careless by allowing students to haze Weymouth in this way.

212.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Morse's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XXIV
## Negligent Infliction of Emotional Distress
## (STEVEN HAYDEN)

213.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 212 of the instant Complaint as if expressly rewritten and set forth herein.

214.    On August 23, 2001, during a hazing incident, student athletes sexually, physically and verbally assaulted Weymouth, including teabagging him and attempting to insert a peeled banana into his rectum.

215.    Despite notice of a practice and custom of hazing on the high school football team, implementing an anti-hazing policy, and state law forbidding hazing, Steven Hayden, as a football coach and teacher, failed to do anything to deter student athletes from assaulting Weymouth at football camp during an annual hazing ritual.

216.    At the very least, Hayden was negligent and careless by allowing students to haze Weymouth in this way.

217.    Weymouth suffered severe mental and emotional distress as a result of the hazing incident, which was caused by Hayden's actions, just as any reasonable person in the situation would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XXV
### Negligent Infliction of Emotional Distress
### (SCOTT WILKES)

218.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 217 of the

instant Complaint as if expressly rewritten and set forth herein.

219.    On August 23, 2001, Scott Wilkes physically assaulted Weymouth by intentionally

restraining Weymouth and dragged his genitalia across Weymouth's face.

220.    At the very least, Wilkes was negligent and careless by hazing Weymouth in this way.

221.    Weymouth suffered severe mental and emotional distress as a result of the hazing

incident, which was caused by Wilkes' actions, just as any reasonable person in the situation

would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an

amount adequate to compensate him for his injuries, costs, and such further relief as this Court

deems appropriate.

## COUNT XXVI
### Negligent Infliction of Emotional Distress
### (MICHAEL BIANCI)

222.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 221 of the

instant Complaint as if expressly rewritten and set forth herein.

223.    On August 23, 2001, Michael Bianci physically restrained Weymouth so that other

students could physically and verbally assault Weymouth, including teabagging him.

224.    On that same date, Bianci physically assaulted Weymouth by flipping Weymouth on his

stomach, pulling down Weymouth's pants, and attempting to insert a peeled banana into

Weymouth's rectum.

225.    At the very least, Bianci was negligent and careless by hazing Weymouth in this way.

226.    Weymouth suffered severe mental and emotional distress as a result of the hazing

incident, which was caused by Bianci's actions, just as any reasonable person in the situation

would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an

amount adequate to compensate him for his injuries, costs, and such further relief as this Court

deems appropriate.

## COUNT XXVII
### Negligent Infliction of Emotional Distress
### (ADAM CHAPMAN)

227.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 226 of the

instant Complaint as if expressly rewritten and set forth herein.

228.    On August 23, 2001, Adam Chapman verbally coerced and physically restrained

Weymouth so that other students could physically and verbally assault Weymouth, including

teabagging him and attempting to insert a banana in his rectum.

229.    At the very least, Chapman was negligent and careless by hazing Weymouth in this way.

230.    Weymouth suffered severe mental and emotional distress as a result of the hazing

incident, which was caused by Chapman's actions, just as any reasonable person in the situation

would feel when victimized in a similar manner.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an

amount adequate to compensate him for his injuries, costs, and such further relief as this Court

deems appropriate.

## COUNT XXVIII
### Misrepresentation
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

231.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 230 of the instant Complaint as if expressly rewritten and set forth herein.

232.    By and through its employees, the Pentucket Regional School District made representations to Matthew Weymouth and his mother that he would be safe and protected during football camp despite their concerns about the history of hazing at the camp.

233.    Weymouth had decided not to go to camp before these assurances.

234.    By and through its employees, the Pentucket Regional School District made these assurances to induce Weymouth to attend the camp.

235.    The Pentucket Regional School District knew or should have known that these representations were false.

236.    Had Weymouth known these assurances were false, he would not have participated in the football training camp.

237.    As a direct and proximate result of these misrepresentations, Weymouth was induced to take part in the training camp during which he was assaulted and hazed.

238.    As a direct and proximate result of these misrepresentations, Weymouth suffered severe mental and physical distress and will continue to suffer great pain of mind from the hazing incident.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XXIX
### Misrepresentation
### (DAVID MORSE)

239.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 238 of the instant Complaint as if expressly rewritten and set forth herein.

240.    David Morse made oral representations to Matthew Weymouth, through his mother, assuring them that Weymouth would be safe and protected at the football camp.

241.    Weymouth had decided not to go to camp before these assurances.

242.    Morse made these assurances to induce Weymouth to attend the camp.

243.    Morse knew or should have known that these representations were false.

244.    Had Weymouth known these assurances were false, he would not have participated in the football training camp.

245.    As a direct and proximate result of these misrepresentations, Weymouth was induced to take part in the training camp during which he was assaulted and hazed.

246.    As a direct and proximate result of these misrepresentations, Weymouth suffered severe mental and physical distress and will continue to suffer great pain of mind from the hazing incident.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT XXX
### Misrepresentation
### (STEVEN HAYDEN)

247.    The Plaintiff, Matthew Weymouth, repeats and realleges Paragraphs 1 through 246 of the instant Complaint as if expressly rewritten and set forth herein.

248.  Steven Hayden made oral representations to Matthew Weymouth, assuring him that he would be safe and protected at the football camp.

249.  Weymouth had decided not to go to camp before these assurances.

250.  Hayden made these assurances to induce Weymouth to attend the camp.

251.  Hayden knew or should have known that these representations were false.

252.  Had Weymouth known these assurances were false, he would not have participated in the football training camp.

253.  As a direct and proximate result of these misrepresentations, Weymouth was induced to take part in the training camp during which he was assaulted and hazed.

254.  As a direct and proximate result of these misrepresentations, Weymouth suffered severe mental and physical distress and will continue to suffer great pain of mind from the hazing incident.

WHEREFORE, Matthew Weymouth demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## JURY DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
MATTHEW WEYMOUTH,
By his Attorney,

Peter Charles Horstmann, Esquire
B.B.O. # 556377
Terence K. Ankner, Esquire
B.B.O. #552469
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)  <u>Matthew Weymouth v. Pentucket Regional</u>
   <u>School District et al.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   <u>None</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [X]

7. Do **all** of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]    NO [ ]

   A.  If yes, in which division do **all** of the non-governmental parties reside?

       Eastern Division [X]        Central Division [ ]        Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

       Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   <u>Peter Charles Horstmann, Esquire</u>

ADDRESS <u>Partridge, Ankner & Horstmann, LLP, 200 Berkeley St., 16th Floor, Boston, MA 02116</u>

TELEPHONE NO.  <u>617-413-3973</u>

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Matthew Weymouth

**DEFENDANTS**

Pentucket Regional School District et al. (see attachment)

**(b)** County of Residence of First Listed Plaintiff  **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Peter Charles Horstmann, Esq., Partridge, Ankner & Horstmann, LLP, 200 Berkeley St., 16th Floor, Boston, MA 02116; 617-859-9999

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sct. 1983: civil rights violation of federal constitutional rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
       IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
July 27, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____