UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WEYMOUTH,<br>        Plaintiff,<br><br>vs.<br><br>PENTUCKET REGIONAL SCHOOL DISTRICT;<br>PENTUCKET REGIONAL SCHOOL<br>COMMITTEE; MICHAEL J. MCLAUGHLIN,<br>Individually and in his capacity as Superintendent<br>of Pentucket Regional School District JOHN<br>PARKHURST, individually and in his capacity as<br>Principal of Pentucket Regional High School;<br>ARLENE TOWNES; individually and in her<br>capacity as Principal of Pentucket Regional High<br>School; DAVID MORSE, individual and in his<br>capacity as Athletics Director for Pentucket<br>Regional High School; STEVEN HAYDEN,<br>Individually and in his capacity as a Teacher and<br>Coach at Pentucket Regional High School;<br>MICHAEL BIANCI; ADAM CHAPMAN and<br>SCOTT WILKES,<br>        Defendants. | CIVIL ACTION NO.: 04 11661 MLW |

## ANSWER OF THE DEFENDANT, MICHAEL BIANCI

1.     No response required

2.     No response required.

3.     No response required.

4.     No response required.

5.     No response required.

6.     No response required.

7.     No response required.

8.      No response required.

9.      No response required.

10.     The defendant admits the allegations contained in paragraph ten of the plaintiff's complaint.

11.     No response required.

12.     No response required.

13.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirteen of the plaintiff's complaint.

14.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph fourteen of the plaintiff's complaint.

15.     The defendant admits the allegations contained in paragraph fifteen of the plaintiff's complaint.

16.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph sixteen of the plaintiff's complaint.

17.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph seventeen of the plaintiff's complaint.

18.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph eighteen of the plaintiff's complaint.

19.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph nineteen of the plaintiff's complaint.

20.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty of the plaintiff's complaint.

21.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-one of the plaintiff's complaint.

22.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-two of the plaintiff's complaint.

23.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-three of the plaintiff's complaint.

24.     The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-four of the plaintiff's complaint.

25. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-five of the plaintiff's complaint.

26. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-six of the plaintiff's complaint.

27. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-seven of the plaintiff's complaint.

28. The defendant admits the allegations contained in paragraph twenty-eight of the plaintiff's complaint.

29. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph twenty-nine of the plaintiff's complaint.

30. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty of the plaintiff's complaint.

31. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-one of the plaintiff's complaint.

32. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-two of the plaintiff's complaint.

33. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-three of the plaintiff's complaint.

34. The defendant denies the allegations contained in paragraph thirty-four of the plaintiff's complaint.

35. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-five of the plaintiff's complaint.

36. The defendant denies the allegations contained in paragraph thirty-six of the plaintiff's complaint.

37. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-seven of the plaintiff's complaint.

38. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-eight of the plaintiff's complaint.

39. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph thirty-nine of the plaintiff's complaint.

40.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty of the plaintiff's complaint.

41.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-one of the plaintiff's complaint.

42.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-two of the plaintiff's complaint.

43.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-three of the plaintiff's complaint.

44.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-four of the plaintiff's complaint.

45.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-five of the plaintiff's complaint.

46.    The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph forty-six of the plaintiff's complaint.

47.    No response required.

48.    No response required.

49.    No response required.

50.    No response required.

51.    No response required.

52.    No response required.

53.    No response required.

54.    No response required.

55.    No response required.

56.    No response required.

57.    No response required.

58.    No response required.

59.    No response required.

60.     No response required.

61.     No response required.

62.     No response required.

63.     No response required.

64.     No response required.

65.     No response required.

66.     No response required.

67.     No response required.

68.     No response required.

69.     No response required.

70.     No response required.

71.     No response required.

72.     No response required.

73.     No response required.

74.     No response required.

75.     No response required.

76.     No response required.

77.     No response required.

78.     No response required.

79.     No response required.

80.     No response required.

81.     No response required.

82.     No response required.

83.    No response required.

84.    No response required.

85.    No response required.

86.    No response required.

87.    No response required.

88.    No response required.

89.    No response required.

90.    No response required.

91.    No response required.

92.    No response required.

93.    No response required.

94.    No response required.

95.    No response required.

96.    No response required.

97.    No response required.

98.    No response required.

99.    No response required.

100.    No response required.

101.    No response required.

102.    No response required.

103.    No response required.

104.    No response required.

105    No response required.

106.    No response required.

107.    No response required.

108     No response required.

109.    No response required.

110.    No response required.

111.    No response required.

112.    No response required.

113.    No response required.

114.    No response required.

115.    No response required.

116.    No response required.

117.    No response required.

118.    No response required.

119.    No response required.

120.    No response required.

121.    No response required.

122.    No response required.

123.    No response required.

124.    No response required.

125.    No response required.

126.    No response required.

127.    No response required.

128.    No response required.

129.   No response required.

130.   No response required.

131.   No response required.

132.   No response required.

133.   No response required.

134.   No response required.

135.   No response required.

136.   No response required.

137.   No response required.

138.   No response required.

139.   No response required.

140.   No response required.

141.   No response required.

142.   No response required.

143.   No response required.

144.   No response required.

145.   No response required.

146.   No response required.

147.   The defendant denies the allegations contained in paragraph one hundred and forty-seven of the plaintiff's complaint.

148.   The defendant denies the allegations contained in paragraph one hundred and forty-eight of the plaintiff's complaint.

149.   The defendant denies the allegations contained in paragraph one hundred and forty-nine of the plaintiff's complaint.

150.   No response required.

151.  No response required.

152.  No response required.

153.  No response required.

154.  No response required.

155.  No response required.

156.  No response required.

157.  No response required.

158.  No response required.

159.  No response required.

160.  The defendant denies the allegations contained in paragraph one hundred and sixty of the plaintiff's complaint.

161.  The defendant denies the allegations contained in paragraph one hundred and sixty-one of the plaintiff's complaint.

162.  No response required.

163.  No response required.

164.  No response required.

165.  No response required.

166.  No response required.

167.  No response required.

168.  No response required.

169.  No response required.

170.  No response required.

171.  No response required.

172.  The defendant denies the allegations contained in paragraph one hundred and seventy-two of the plaintiff's complaint.

173.  The defendant denies the allegations contained in paragraph one hundred and seventy-three of the plaintiff's complaint.

174.  Michael Bianci denies hazing Weymouth therefore no response is required as to any alleged "emotional distress".

175.  No response required as this calls for a legal conclusion.

176.  Michael Bianci denies hazing Weymouth therefore no response is required as to any alleged "emotional distress".

177.  No response required.

178.  No response required.

179.  No response required.

180.  No response required.

181.  No response required.

182.  No response required.

183.  No response required.

184.  No response required.

185.  No response required.

186.  No response required.

187.  No response required.

188.  No response required.

189.  No response required.

190.  No response required.

191.  No response required.

192.  No response required.

193.  No response required.

194.  No response required.

195.  No response required.

196.  No response required.

197.  No response required.

198.  No response required.

199.  No response required.

200.  No response required.

201.  No response required.

202.  No response required.

203.  No response required.

204.  No response required.

205.  No response required.

206.  No response required.

207.  No response required.

208.  No response required.

209.  No response required.

210.  No response required.

211.  No response required.

212.  No response required.

213.  No response required.

214.  No response required.

215.  No response required.

216.  No response required.

217.  No response required.

218.    No response required.

219.    No response required.

220.    No response required.

221.    No response required.

222.    No response required.

223.    The defendant denies the allegations contained in paragraph two hundred and twenty-three of the plaintiff's complaint.

224.    The defendant denies the allegations contained in paragraph two hundred and twenty-four of the plaintiff's complaint.

225.    The defendant denies the allegations contained in paragraph two hundred and twenty-five of the plaintiff's complaint.

226.    Michael Bianci denies "hazing" Weymouth therefore no response is required as to any alleged emotional distress.

227.    No response required.

228     No response required.

229     No response required.

230.    No response required.

231.    No response required.

232.    No response required.

233.    No response required.

234.    No response required.

235.    No response required.

236.    No response required.

237.    No response required.

238.    No response required.

239.  No response required.

240.  No response required.

241.  No response required.

242.  No response required.

243.  No response required.

244.  No response required.

245.  No response required.

246.  No response required.

247.  No response required.

248.  No response required.

249.  No response required.

250.  No response required.

251.  No response required.

252.  No response required.

253.  No response required.

254.  No response required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, which the defendant expressly denies, it was not as a result of the actions or inactions of the defendant or anyone for whom the defendant is legally responsible or liable therefor.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim should fail for insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim should fail for insufficient service of process.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim should fail for lack of personal jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should fail for lack of subject matter jurisdiction.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense the defendant denies any and all allegations as they are fictitious and meritless.

## CROSS CLAIMS OF THE DEFENDANT, MICHAEL BIANCI

### PARTIES

1. The plaintiff in cross claim, Michael Bianci, is a defendant in this action.

2. The defendant in cross claim, Scott Wilkes, is a defendant in this action.

3. The defendant in cross claim, Pentucket Regional School District, is a defendant in this action.

4. The defendant in cross claim, Pentucket Regional School Committee, is a defendant in this action.

5. The defendant in cross claim, John Parkhurst, is a defendant in this action.

6. The defendant in cross claim, Arlene Townes, is a defendant in this action.

7. The defendant in cross claim, David Morse, is a defendant in this action.

8.    The defendant in cross claim, Steven Hayden, is a defendant in this action.

<u>DEFENDANT DEMANDS TRIAL BY JURY</u>

<u>COUNT ONE</u>
(Contribution vs. Wilkes)

9.    The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

10.   If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, Scott Wilkes.

11.   In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, Scott Wilkes, for contribution pursuant to <u>M.G.L.</u> c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

12.   Enter judgment in his favor and against the defendant in cross claim, Scott Wilkes.

13.   Award the defendant and plaintiff in cross claim his costs, including reasonable attorneys fees and;

14.   Grant such further relief as may be deemed appropriate by the Court.

DEFENDANT DEMANDS TRIAL BY JURY

<u>COUNT TWO</u>
(Contribution vs. Pentucket Regional School District)

15.   The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

16.   If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, Pentucket Regional School District.

17.   In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, Pentucket Regional School District , for contribution pursuant to <u>M.G.L.</u> c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

18. Enter judgment in his favor and against the defendant in cross claim, Pentucket Regional School District.

19. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

20. Grant such further relief as may be deemed appropriate by the Court.

<u>DEFENDANT DEMANDS TRIAL BY JURY</u>

<u>COUNT THREE</u><br/>(Contribution vs. Pentucket Regional School Committee)

21. The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

22. If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, Pentucket Regional School Committee.

23. In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, Pentucket Regional School Committee, for contribution pursuant to <u>M.G.L.</u> c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

24. Enter judgment in his favor and against the defendant in cross claim, Pentucket Regional School Committee.

25. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

26. Grant such further relief as may be deemed appropriate by the Court.

<u>DEFENDANT DEMANDS TRIAL BY JURY</u>

<u>COUNT FOUR</u><br/>(Contribution vs. John Parkhurst)

27. The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

28. If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, John Parkhurst.

29. In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, John Parkhurst , for contribution pursuant to M.G.L. c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

30. Enter judgment in his favor and against the defendant in cross claim, John Parkhurst.

31. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

32. Grant such further relief as may be deemed appropriate by the Court.

## DEFENDANT DEMANDS TRIAL BY JURY

### COUNT FIVE
(Contribution vs. Arlene Townes)

33. The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

34. If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, Arlene Townes.

35. In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, Arlene Townes , for contribution pursuant to M.G.L. c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

36. Enter judgment in his favor and against the defendant in cross claim, Arlene Townes.

37. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

38. Grant such further relief as may be deemed appropriate by the Court.

## DEFENDANT DEMANDS TRIAL BY JURY

## COUNT SIX
### (Contribution vs. David Morse)

39. The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-8 of his cross claim.

40. If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, David Morse.

41. In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, David Morse , for contribution pursuant to M.G.L. c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

42. Enter judgment in his favor and against the defendant in cross claim, David Morse.

43. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

44. Grant such further relief as may be deemed appropriate by the Court.

### DEFENDANT DEMANDS TRIAL BY JURY

### COUNT SEVEN
### (Contribution vs. Steven Hayden)

45. The defendant repeats and incorporates by reference the allegations contained in paragraphs 1-9 of his cross claim.

46. If the plaintiff was injured as alleged, then such injury was due in whole or in part to the actions or inactions of the defendant in cross claim, Steven Hayden.

47. In the event that the plaintiff should recover judgment against the plaintiff in cross claim for damages, the plaintiff in cross will be entitled to judgment against the defendant in cross claim, Steven Hayden , for contribution pursuant to M.G.L. c. 231B, section 7.

WHEREFORE the defendant and plaintiff in cross claim, Michael Bianci, request that the Court:

48. Enter judgment in his favor and against the defendant in cross claim, Steven Hayden.

49. Award the defendant and plaintiff in cross claim his costs, including reasonable attorney's fee and;

50.    Grant such further relief as may be deemed appropriate by the Court.

## DEFENDANT DEMANDS TRIAL BY JURY

## COUNTERCLAIM OF THE DEFENDANT, MICHAEL BIANCHI

### PARTIES

1.  The plaintiff in counterclaim, Michael Bianci, is a defendant in this action.

2.  The defendant in counterclaim, Matthew Weymouth, is the plaintiff in this action.

### COUNT ONE
(Slander vs. Weymouth)

3.  The defendant and plaintiff in counterclaim hereby restates and realleges the allegations contained in paragraphs 1 and 2 and further alleges that,

4.  The defendant in counterclaim has maliciously defamed the plaintiff in counterclaim publicly thereby exposing him to contempt, ridicule, impairing his standing in the community, or otherwise tending to discredit him in the minds of any considerable and respectable class in the community.

5.  That the plaintiff in counterclaim was denied access to the preparatory school of his choice and as a result of said slander.

6.  That this defamation was false.

7.  Plaintiff in counterclaim has suffered injury to his reputation as a result.

WHEREFORE, the plaintiff in counterclaim requests that the Court:

1.  Enter judgment in his favor and against the defendant in counterclaim.

2.  Award the plaintiff in counterclaim costs and damages, including reasonable attorneys fees.

3.  Grant such further relief as may be deemed appropriate by the Court.

## DEFENDANT CLAIMS TRIAL BY JURY

Dated: 9/17/04

RESPECTFULLY SUBMITTED
FOR THE DEFENDANT
PLAINTIFF IN THE COUNTERCLAIM
BY HIS ATTORNEY

_____
Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 195000

CERTIFICATE OF SERVICE

I, Scott F. Gleason, Esquire, do hereby certify that I have this 17th day of September, 2004 forwarded a copy of the within document, postage prepaid to: Peter Charles Horstmann, Esquire, Terence K. Ankner, Esquire, PARTRIDGE, ANKNER & HORSTMANN, LLP, 200 Berkeley Street, 16th Floor, Boston, MA 02116.

_____
Scott F. Gleason, Esquire

20