UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW WEYMOUTH,
    Plaintiff,

V.

PENTUCKET REGIONAL SCHOOL DISTRICT;
PENTUCKET REGIONAL SCHOOL COMMITTEE; MICHAEL J. MCLAUGHLIN, individually, and in his capacity as Superintendent of Pentucket Regional School District; JOHN PARK}TURST, individually, and in his capacity as Principal of Pentucket Regional High School; ARLENE TOWNES; individually, and in her Capacity as Principal of Pentucket Regional High School; DAVID MORSE, individually, and in his capacity as Athletics Director for Pentucket Regional High School; STEVEN HAYDEN, individually, and in his capacity as a Teacher and Coach at Pentucket Regional High School; MICHAEL BIANCI; ADAM CHAPMAN; SCOTT WILKES,
    Defendants.

Civil Action No: 04 11661 MLW

## ANSWER OF DEFENDANT, SCOTT WILKES

### JURISDICTION

1. Denied.

### PARTIES

2. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

3. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

1

4. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

5. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

6. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

7. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

8. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

9. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

10. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

11. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

12. Admitted.

## FACTUAL ALLEGATIONS

13. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

14. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

15. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

16. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

17. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

18. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

19. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

20. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

21. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

22. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

23. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

24. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

25. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

26. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

27. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

28. Admitted that the defendant, Scott Wilkes, was a student at Pentucket Regional High School who was a member of the high school football team and attended the mandatory training camp. As to the remainder of the paragraph, the defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

29. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

30. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

31. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

32. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

33. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

34. Denied.

35. Denied

36. Denied.

37. Denied.

38. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

39. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

40. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

41. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

42. Denied.

43. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

44. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

45. Denied.

46. The defendant, Scott Wilkes, is without sufficient information to either admit or deny the allegations of this paragraph.

## CAUSES OF ACTION
### COUNT I
### § 1983 — Federal Civil Rights Violation
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

47. The Defendant, Scott Wilkes, repeats Paragraphs 1 through 46 of the instant Answer as if expressly rewritten and set forth herein.

48. – 63. The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT II
### § 1983 — Federal Civil Rights Violation
### (PENTUCKET REGIONAL SCHOOL COMMITTEE)

64.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 63 of the instant Answer as if expressly rewritten and set forth herein.

65. – 75.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT III
### § 1983 — Federal Civil Rights Violation
### (MICHAEL J. MCLAUGHLIN)

76.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 75 of the instant Answer as if expressly rewritten and set forth herein.

77. – 86.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT IV
### § 1983 — Federal Civil Rights Violation
### (JOHN PARKHURST)

87.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 86 of the instant Answer as if expressly rewritten and set forth herein.

88. – 97.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT V
### § 1983 — Federal Civil Rights Violation
### (ARLENE TOWNES)

98.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 97 of the instant Answer as if expressly rewritten and set forth herein.

99. –108.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT VI
### § 1983 — Federal Civil Rights Violation
### (DAVID MORSE)

109.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 108 of the instant Answer as if expressly rewritten and set forth herein.

110. – 121.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT VII
### § 1983 — Federal Civil Rights Violation
### (STEVEN HAYDEN)

122.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 121 of the instant Answer as if expressly rewritten and set forth herein.

123. - 132.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### PENDANT CLAIMS
### COUNT VIII
### Massachusetts Tort Claims Act — Negligence
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

133.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 132 of the instant Answer as if expressly rewritten and set forth herein.

134. -140  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT IX
### Massachusetts Civil Rights Act
### (SCOTT WILKES)

141. The Defendant, Scott Wilkes, repeats Paragraphs 1 through 140 of the instant Answer as if expressly rewritten and set forth herein.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

WHEREFORE, Scott Wilkes demands the complaint against him be dismissed, and that he be awarded his costs of defending this action, including reasonable attorney's fees, and such further relief as this Court deems appropriate.

### COUNT X
### Massachusetts Civil Rights Act
### (MICHAEL BIANCI)

146. The Defendant, Scott Wilkes, repeats Paragraphs 1 through 145 of the instant Answer as if expressly rewritten and set forth herein.

147. - 150   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XI
### Massachusetts Civil Rights Act
### (ADAM CHAPMAN)

151. The Defendant, Scott Wilkes, repeats Paragraphs 1 through 150 of the instant Answer as if expressly rewritten and set forth herein.

152. -154   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XII
### Assault and Battery
### (SCOTT WILKES)

155.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 154 of the instant Answer as if expressly rewritten and set forth herein.

156.   Denied.

157.   Denied.

158.   Denied.

WHEREFORE, Scott Wilkes demands the complaint against him be dismissed, and that he be awarded his costs of defending this action, including reasonable attorney's fees, and such further relief as this Court deems appropriate.

### COUNT XIII
### Assault and Battery
### (MICHAEL BIANCI)

159.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 158 of the instant Answer as if expressly rewritten and set forth herein.

160. - 162   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XIV
### Assault and Battery
### (ADAM CHAPMAN)

163.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 162 of the instant Answer as if expressly rewritten and set forth herein.

164. – 165.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XV
### Intentional Infliction of Emotional Distress
### (SCOTT WILKES)

166.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 165 of the instant Answer as if expressly rewritten and set forth herein.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

WHEREFORE, Scott Wilkes demands the complaint against him be dismissed, and that he be awarded his costs of defending this action, including reasonable attorney's fees, and such further relief as this Court deems appropriate.

## COUNT XVI
### Intentional Infliction of Emotional Distress
### (MICIIAEL BIANCI)

171.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 170 of the instant Answer as if expressly rewritten and set forth herein.

172. – 176.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XVII
### Intentional Infliction of Emotional Distress
### (ADAM CHAPMAN)

177.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 176 of the instant Answer as if expressly rewritten and set forth herein.

178. – 181.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XVIII
### Negligent Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

182.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 181 of the instant Answer as if expressly rewritten and set forth herein.

183. – 186.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XIX
### Negligent Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL COMMITTEE)

187.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 186 of the instant Answer as if expressly rewritten and set forth herein.

188. – 191.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XX
### Negligent Infliction of Emotional Distress
### (MICHAEL J. MCLAUGHLIN)

192.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 191 of the instant Answer as if expressly rewritten and set forth herein.

193. – 196.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXI
### Negligent Infliction of Emotional Distress
### (JOHN PARKHURST)

197.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 196 of the instant Answer as if expressly rewritten and set forth herein.

198. – 201.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXII
### Negligent Infliction of Emotional Distress
### (ARLENE TOWNES)

202.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 201 of the instant Answer as if expressly rewritten and set forth herein.

203. – 206.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXIII
### Negligent Infliction of Emotional Distress
### (DAVID MORSE)

207.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 206 of the instant Answer as if expressly rewritten and set forth herein.

208. – 212.  The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXIV
### Negligent Infliction of Emotional Distress
### (STEVEN HAYDEN)

213.  The Defendant, Scott Wilkes, repeats Paragraphs 1 through 212 of the instant Answer as if expressly rewritten and set forth herein.

214. - 217.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XXV
### Negligent Infliction of Emotional Distress
### (SCOTT WILKES)

218.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 154 of the instant Answer as if expressly rewritten and set forth herein.

219.   Denied.

220.   Denied.

221.   Denied.

WHEREFORE, Scott Wilkes demands the complaint against him be dismissed, and that he be awarded his costs of defending this action, including reasonable attorney's fees, and such further relief as this Court deems appropriate.

## COUNT XXVI
### Negligent Infliction of Emotional Distress
### (MICHAEL BIANCI)

222.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 221 of the instant Answer as if expressly rewritten and set forth herein.

223. – 226.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

## COUNT XXVII
### Negligent Infliction of Emotional Distress
### (ADAM CHAPMAN)

227.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 226 of the instant Answer as if expressly rewritten and set forth herein.

228. – 230.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXVIII
### Misrepresentation
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

231.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 230 of the instant Answer as if expressly rewritten and set forth herein.

232. – 238.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXIX
### Misrepresentation
### (DAVID MORSE)

239.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 238 of the instant Answer as if expressly rewritten and set forth herein.

240. – 246.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### COUNT XXX
### Misrepresentation
### (STEVEN HAYDEN)

247.   The Defendant, Scott Wilkes, repeats Paragraphs 1 through 238 of the instant Answer as if expressly rewritten and set forth herein.

248. – 254.   The allegations contained in these paragraphs are not against the defendant, Scott Wilkes, and, therefore, no response is required.

### FIRST DEFENSE

The plaintiff has failed to state a claim against the defendant, Scott Wilkes, upon which relief can be granted.

### SECOND DEFENSE

The allegations contained in the claims against the defendant, Scott Wilkes, are all or substantially all wholly insubstantial, frivolous, made to harass and vexate the defendant and not advanced in good faith. As a result, said allegations are in violation of Massachusetts General Laws, Chapter 231, Section 6F, and the defendant is entitled to recover his costs and expenses of defending against those Counts.

### THIRD DEFENSE

All claims against the defendant, Scott Wilkes, should be dismissed because this Court lacks subject matter jurisdiction over these claims because they are not based upon a violation of federal law, nor do they arise from a common nucleus of operative fact with any of the plaintiff's federal law claims.

### FOURTH DEFENSE

Any damages or injuries which the plaintiffs may have suffered were caused by the intervening, superseding acts of a third party or parties for whose conduct the defendant, Scott Wilkes, is not legally responsible.

### FIFTH DEFENSE

Any damages or injuries which the plaintiff may have suffered were caused by his own actions, and therefore any damages that the plaintiff may recover must be reduced in proportion to such negligence pursuant to G.L. c. 231, Section 85.

### SIXTH DEFENSE

The plaintiff was comparatively negligent and such negligence exceeded the amount of any negligence of the defendants, and therefore the plaintiff is barred from recovery pursuant to G.L. c. 231, Section 85.

### SEVENTH DEFENSE

The defendant further states that at all times relevant herein, he exercised the skill and reasonable care and diligence usually exercised by a reasonably prudent person.

### EIGHTH DEFENSE

The plaintiff, by his own conduct is estopped from asserting his claims against the defendant.

### NINTH DEFENSE

The plaintiff's claim is barred by the applicable Statute of Limitations.

### TENTH DEFENSE

The plaintiff is barred from recovery against the defendant because of his failure to take reasonable steps to mitigate his damages, and, as a result, the defendant has been prejudiced.

### JURY DEMAND

The Defendant, Scott Wilkes demands a jury trial on all issues so triable.

Respectfully submitted,
Scott Wilkes, by his attorney,

_____
Vincent C. Manzi, Jr., BBO # 318620
Manzi & McCann
59 Jackson Street
Lawrence, MA 01840
(978) 686-5664

Dated: September 16, 2004

## CERTIFICATE OF SERVICE

I, Vincent C. Manzi, Jr., certify that on this 16 day of September, 2004, I served a true copy of the foregoing upon the plaintiff by mailing the same, first class, postage prepaid, to the following:

Peter Charles Horstmann, Esq.
Terence K. Ankner, Esq.
Partridge, Ankner & Horstmann, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116

Bradley A. MacDonald, Esq.
Cummings, King & MacDonald
1 Gateway Center
Newton, MA 02458

Gregg S. Blackburn, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

_____
Vincent C. Manzi, Jr.