# CASNER & EDWARDS, LLP

### ATTORNEYS AT LAW

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

September 30, 2004

Clerk's Office - Civil
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:  *Matthew Weymouth v. Pentucket Regional School District et al.*
     U.S. District Court No.: 04-11661MLW

Dear Sir/Madam:

Enclosed please find:

1.   Answer of Defendants Pentucket Regional School District, Pentucket Regional
     School Committee, Michael J. McLaughlin, John Parkhurst, Arlene Townes,
     David Morse and Steven Hayden to Plaintiff's Complaint and Jury Demand.

The answer is being filed electronically with the U.S. District Court.  As counsel sign up
for electronic case filing under the U.S.D.C. General Order issued pursuant to Rule 5(e) copies
for such counsel will only be filed in court, where they will be available for downloading.

Thank you for your attention to these matters.

Very truly yours,

Gregg S. Blackburn

GSB:ml
Enclosure
8338.0/333150.1

cc:  Peter C. Horstmann, Esq.
     Vincent C. Manzi, Esq.
     Scott F. Gleason, Esq.
     Bradley A. MacDonald, Esq.
     David D. Dowd, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11661MLW

| | |
|---|---|
| MATTHEW WEYMOUTH | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PENTUCKET REGIONAL SCHOOL DISTRICT; | : |
| PENTUCKET REGIONAL SCHOOL COMMITTEE; | : |
| MICHAEL J. MCLAUGHLIN, individually, and in his | : |
| capacity as Superintendent of Pentucket Regional School | : |
| District; JOHN PARKHURST, individually, and in his | : |
| capacity as Principal of Pentucket Regional High School; | : |
| ARLENE TOWNES, individually, and in her capacity as | : |
| Principal of Pentucket Regional High School; | : |
| DAVID MORSE, individually, and in his capacity as | : |
| Athletics  Director for Pentucket Regional High School; | : |
| STEVEN HAYDEN, individually, and in his capacity as a | : |
| Teacher and Coach at Pentucket Regional High School; | : |
| MICHAEL BIANCI; ADAM CHAPMAN; | : |
| SCOTT WILKES, | : |
|     Defendants. | : |

**ANSWER OF DEFENDANTS PENTUCKET REGIONAL SCHOOL
DISTRICT, PENTUCKET REGIONAL SCHOOL COMMITTEE, MICHAEL J.
MCLAUGHLIN, JOHN PARKHURST, ARLENE TOWNES, DAVID MORSE
AND STEVEN HAYDEN TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1.    The allegations of paragraph 1 of the complaint set forth conclusions of law to
which no answer is required.

**PARTIES**

2.    This defendant lacks sufficient information to be able to admit or deny the
allegations of paragraph 2 of the complaint.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    The responding defendants admit that defendant John Parkhurst is a former principal of Pentucket Regional High School and deny that he is a resident of the Commonwealth

7.    Admitted.

8.    Admitted except that Morse is a resident of New Hampshire.

9.    Admitted.

10.    The responding defendants admit that in 2001 Michael Bianci was a student at Pentucket Regional High School. Said responding defendants lack sufficient information to be able to admit or deny the remaining allegations of paragraph 10 of the complaint.

11.    The responding defendants admit that in 2001 Adam Chapman was a student at Pentucket Regional High School. Said responding defendants lack sufficient information to be able to admit or deny the remaining allegations of paragraph 11 of the complaint.

12.    The responding defendants admit that in 2001 Scott Wilkes was a student at Pentucket Regional High School. Said responding defendants lack sufficient information to be able to admit or deny the remaining allegations of paragraph 12 of the complaint.

## FACTUAL ALLEGATIONS

13.    Admitted.

14.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 14 of the complaint.

15.    The responding defendants admit that most students who wished to play on the varsity football team were required to attend training camp, but deny that it was before the season began, as the football practice season began prior to camp.

16.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 16 of the complaint.

17.    Denied.

18.    Denied.

19.    Denied.

20.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 20 of the complaint.

21.  The responding defendants admit that Hayden gave some encouragement to Matthew Weymouth to attend the camp and play football, but deny that Weymouth was "strongly" encouraged.

22.  Denied.

23.  Hayden admits that he told Weymouth that coaches would supervise at Camp Marist, but denies describing them as "chaperones" or advising Weymouth that he would not be harmed at camp.

24.  The responding defendants admit that Lorraine Weymouth contacted Morse about concerns that she had about the camp, but deny that she specifically raised hazing as an issue.

25.  The responding defendants deny that Morse assured Weymouth's mother that nothing would happen to her son at camp, but admit that he spoke with upperclassmen, in part at her behest, and that said upperclassmen reported in front of Weymouth that they were unaware of previous had hazing incidents at the camp.

26.  The responding defendants admit that upperclassmen, including a team captain, advised Weymouth that they were unaware of previous had hazing incidents at the camp, but deny knowledge of any such persons assuring Weymouth that they would not let anything happen to him there.

27.  Denied.

28.  Admitted.

29.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 29 of the complaint.

30.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 30 of the complaint.

31.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 31 of the complaint.

32.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 32 of the complaint.

33. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 33 of the complaint.

34. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 34 of the complaint.

35. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 35 of the complaint.

36. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 36 of the complaint.

37. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 37 of the complaint.

38. Denied.

39. Denied.

40. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 40 of the complaint.

41. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 41 of the complaint.

42. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 42 of the complaint.

43. Denied.

44. Denied.

45. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 45 of the complaint.

46. Admitted.

## CAUSES OF ACTION

### COUNT I
### § 1983 – Federal Civil Rights Violation
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

47. The Pentucket Regional School District repeats as if fully set forth herein its responses to paragraphs 1 through 46 of the complaint.

48.   Admitted.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

WHEREFORE, the Pentucket Regional School District demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT II
### § 1983 – Federal Civil Rights Violation
### (PENTUCKET REGIONAL SCHOOL COMMITTEE)

64.   The Pentucket Regional School Committee repeats as if fully set forth herein its responses to paragraphs 1 through 63 of the complaint.

65.   Admitted.

66.   Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

WHEREFORE, the Pentucket Regional School Committee demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT III
### § 1983 – Federal Civil Rights Violation
### (MICHAEL J. MCLAUGHLIN)

76.    Michael J. McLaughlin repeats as if fully set forth herein his responses to paragraphs 1 through 75 of the complaint.

77.    Admitted.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

WHEREFORE, Michael J. McLaughlin demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT IV
### § 1983 – Federal Civil Rights Violation
### (JOHN PARKHURST)

87.    John Parkhurst repeats as if fully set forth herein his responses to paragraphs 1 through 86 of the complaint.

88.    Admitted.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

WHEREFORE, John Parkhurst demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT V
### § 1983 – Federal Civil Rights Violation
### (ARLENE TOWNES)

98.    Arlene Townes repeats as if fully set forth herein her responses to paragraphs 1 through 97 of the complaint.

99.    Admitted.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

WHEREFORE, Arlene Townes demands judgment in her favor on this and all counts together with costs and such other relief as the court deems just.

**COUNT VI**
**§ 1983 – Federal Civil Rights Violation**
**(DAVID MORSE)**

109.    David Morse repeats as if fully set forth herein his responses to paragraphs 1 through 108 of the complaint.

110.    Admitted.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.   Denied.

120.   Denied.

121.   Denied.

WHEREFORE, David Morse demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

### COUNT VII
### § 1983 – Federal Civil Rights Violation
### (STEVEN HAYDEN)

122.   Steven Hayden repeats as if fully set forth herein his responses to paragraphs 1 through 121 of the complaint.

123.   Admitted.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

WHEREFORE, Steven Hayden demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

## PENDANT CLAIMS

### COUNT VIII
**Massachusetts Tort Claims Act – Negligence**
**(PENTUCKET REGIONAL SCHOOL DISTRICT)**

133. Pentucket Regional School District repeats as if fully set forth herein its responses to paragraphs 1 through 132 of the complaint.

134. Admitted.

135. Admitted.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.
      WHEREFORE, Pentucket Regional School District demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

### COUNT IX
**Massachusetts Civil Rights Act**
**(SCOTT WILKES)**

141. The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 140 of the complaint.

142-145. The allegations of Count IX of the complaint, paragraphs 142 through 145 do not apply to the responding defendants and no answer is required.

### COUNT X
**Massachusetts Civil Rights Act**
**(MICHAEL BIANCI)**

146. The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 145 of the complaint.

147-150. The allegations of Count X of the complaint, paragraphs 147 through 150 do not apply to the responding defendants and no answer is required.

## COUNT XI
**Massachusetts Civil Rights Act**
**(ADAM CHAPMAN)**

151.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 150 of the complaint.

152-154. The allegations of Count XI of the complaint, paragraphs 152 through 154 do not apply to the responding defendants and no answer is required.

## COUNT XII
**Assault and Battery**
**(SCOTT WILKES)**

155.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 154 of the complaint.

156-158. The allegations of Count XII of the complaint, paragraphs 156 through 158 do not apply to the responding defendants and no answer is required.

## COUNT XIII
**Assault and Battery**
**(MICHAEL BIANCI)**

159.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 158 of the complaint.

160-162. The allegations of Count XIII of the complaint, paragraphs 160 through 162 do not apply to the responding defendants and no answer is required.

## COUNT XIV
**Assault and Battery**
**(ADAM CHAPMAN)**

163.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 162 of the complaint.

164-165. The allegations of Count XIV of the complaint, paragraphs 164 through 165 do not apply to the responding defendants and no answer is required.

## COUNT XV
### Intentional Infliction of Emotional Distress
### (SCOTT WILKES)

166.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 165 of the complaint.

167-170. The allegations of Count XV of the complaint, paragraphs 167 through 170 do not apply to the responding defendants and no answer is required.

## COUNT XVI
### Intentional Infliction of Emotional Distress
### (MICHAEL BIANCI)

171.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 170 of the complaint.

172-176. The allegations of Count XVI of the complaint, paragraphs 172 through 176 do not apply to the responding defendants and no answer is required.

## COUNT XVII
### Intentional Infliction of Emotional Distress
### (ADAM CHAPMAN)

177.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 176 of the complaint.

178-181. The allegations of Count XVII of the complaint, paragraphs 178 through 181 do not apply to the responding defendants and no answer is required.

## COUNT XVIII
### Negligence Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

182.    The Pentucket Regional School District repeats as if fully set forth herein its responses to paragraphs 1 through 181 of the complaint.

183.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 183 of the complaint.

184.    Denied.

185.    Denied.

186.    Denied.

WHEREFORE, Pentucket Regional School District demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT XIX
### Negligence Infliction of Emotional Distress
### (PENTUCKET REGIONAL SCHOOL COMMITTEE)

187.  The Pentucket Regional School Committee repeats as if fully set forth herein its responses to paragraphs 1 through 186 of the complaint.

188.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 188 of the complaint.

189.  Denied.

190.  Denied.

191.  Denied.

WHEREFORE, Pentucket Regional School Committee demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT XX
### Negligence Infliction of Emotional Distress
### (MICHAEL J. MCLAUGHLIN)

192.  Michael J. McLaughlin repeats as if fully set forth herein his responses to paragraphs 1 through 191 above.

193.  The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 193 of the complaint.

194.  Denied.

195.  Denied.

196.  Denied.

WHEREFORE, Michael J. McLaughlin demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

<u>**COUNT XXI**</u>
**Negligence Infliction of Emotional Distress**
**(JOHN PARKHURST)**

197.    John Parkhurst repeats as if fully set forth herein his responses to paragraphs 1
through 196 of the complaint.

198.    The responding defendants lack sufficient information to be able to admit or deny
the allegations of paragraph 198 of the complaint.

199.    Denied.

200.    Denied.

201.    Denied.

WHEREFORE, John Parkhurst demands judgment in his favor on this and all
counts together with costs and such other relief as the court deems just.

<u>**COUNT XXII**</u>
**Negligent Infliction of Emotional Distress**
**(ARLENE TOWNES)**

202.    Arlene Townes repeats as if fully set forth herein her responses to paragraphs 1
through 202 of the complaint.

203.    The responding defendants lack sufficient information to be able to admit or deny
the allegations of paragraph 203 of the complaint.

204.    Denied.

205.    Denied.

206.    Denied.

WHEREFORE, Arlene Townes demands judgment in her favor on this and all
counts together with costs and such other relief as the court deems just.

<u>**COUNT XXIII**</u>
**Negligent Infliction of Emotional Distress**
**(DAVID MORSE)**

207.    David Morse repeats as if fully set forth herein his responses to paragraphs 1
through 206 of the complaint.

208.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 208 of the complaint.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

WHEREFORE, David Morse demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

**COUNT XXIV**
**Negligent Infliction of Emotional Distress**
**(STEVEN HAYDEN)**

213.    Steven Hayden repeats as if fully set forth herein his responses to paragraphs 1 through 212 of the complaint

214.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 214 of the complaint.

215.    Denied.

216.    Denied.

217.    Denied.

WHEREFORE, Steven Hayden demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

**COUNT XXV**
**Negligent Infliction of Emotional Distress**
**(SCOTT WILKES)**

218.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 217 of the complaint.

219-221. The allegations of Count XXV of the complaint, paragraphs 219 through 221 do not apply to the responding defendants and no answer is required.

## COUNT XXVI
### Negligent Infliction of Emotional Distress
### (MICHAEL BIANCI)

222.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 221 of the complaint.

223-226. The allegations of Count XXVI of the complaint, paragraphs 223 through 226 do not apply to the responding defendants and no answer is required.

## COUNT XXVII
### Negligent Infliction of Emotional Distress
### (ADAM CHAPMAN)

227.    The responding defendants repeat as if fully set forth herein their responses to paragraphs 1 through 226 of the complaint.

228-230. The allegations of Count XXVII of the complaint, paragraphs 228 through 230 do not apply to the responding defendants and no answer is required.

## COUNT XXVIII
### Misrepresentation
### (PENTUCKET REGIONAL SCHOOL DISTRICT)

231.    The Pentucket Regional School District repeats as if fully set forth herein its responses to paragraphs 1 through 230 of the complaint.

232.    Denied.

233.    The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 233 of the complaint.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

WHEREFORE, Pentucket Regional School District demands judgment in its favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT XXIX
### Misrepresentation
### (DAVID MORSE)

239.　David Morse repeats as if fully set forth herein his responses to paragraphs 1 through 238 above.

240.　Denied.

241.　The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 241 of the complaint.

242.　Denied.

243.　Denied.

244.　The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 244 of the complaint.

245.　Denied.

246.　Denied.

　　　WHEREFORE, David Morse demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

## COUNT XXX
### Misrepresentation
### (STEVEN HAYDEN)

247.　Steven Hayden repeats as if fully set forth herein his responses to paragraphs 1 through 246 above.

248.　Denied.

249.　The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 249 of the complaint.

250.　Denied.

251.　Denied.

252. The responding defendants lack sufficient information to be able to admit or deny the allegations of paragraph 252 of the complaint.

253. Denied.

254. Denied.

WHEREFORE, Steven Hayden demands judgment in his favor on this and all counts together with costs and such other relief as the court deems just.

## SEPARATE DEFENSES

Separate Defense No. 1

The plaintiff's complaint fails to state a claim upon which relief can be granted, and must be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

Separate Defense No. 2

The plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the responding defendants were not and are not legally responsible.

Separate Defense No. 3

The plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with MASS. GEN. L. ch. 231, § 85.

Separate Defense No. 4

The negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to the plaintiff's alleged injury and, therefore, the plaintiff is barred from recovery under MASS. GEN. L. ch. 231, § 85.

Separate Defense No. 5

The plaintiff's claim must be dismissed for insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(5).

Separate Defense No. 6

The answering defendants state that the complaint fails to state a claim under 42 U.S.C § 1983 since it fails to allege a violation of the Due Process Clause.

Separate Defense No. 7

The answering defendants state that the complaint fails to state a claim against the individual responding defendants as they are entitled to qualified immunity as to all claims made against them pursuant 42 U.S.C. § 1983.

Separate Defense No. 8

To the extent that the complaint purports to state a claim against responding defendants Pentucket Regional School District and Pentucket Regional School Committee based upon respondeat superior liability under 42 U.S.C. § 1983, it fails to state a claim and must be dismissed.

Separate Defense No. 9

The plaintiff's claims are barred because the plaintiff failed to notify defendants in accordance with M.G.L. c. 258 § 4.

Separate Defense No. 10

The answering defendants are immune from suit on all of the pendant claims pursuant to Mass. R. Civ. P 258 § 10.

## **JURY CLAIM**

The responding defendants claim a right to trial by jury on all issues so triable.

Dated:                                    Respectfully submitted,

                                          Defendants,
                                          **PENTUCKET REGIONAL et al.**
                                          By their attorney,


                                          Gregg S. Blackburn, BBO# 044430
                                          CASNER & EDWARDS, LLP
                                          303 Congress Street
                                          Boston, MA 02210
                                          (617) 426-5900


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon:

**Counsel for Plaintiff:**

Peter C. Horstmann, Esq.
Partridge, Ankner & Horstmann, LLP
200 Berkeley Street, 16th Floor
Boston, MA  02116

**Counsel for Michael Bianci and Adam Chapman:**

Scott F. Gleason, Esq.
Melissa J. Lewandowski, Esq.
Gleason Law Offices. P.C.
163 Merrimack Street
Haverhill, MA  01830

**Counsel for Scott Wilkes:**

Vincent C. Manzi, Esq.
Charles S. Nierman, Esq.
Manzi & McCann
59 Jackson Street
Lawrence, MA  01840

counsel of record in this matter by **electronic filing (if applicable) and first-class mail** on
September 30, 2004.

Gregg S. Blackburn