MATTHEW WEYMOUTH, )
    Plaintiff, )
)
v. )
)
PENTUCKET REGIONAL SCHOOL DISTRICT; )
PENTUCKET REGIONAL SCHOOL )    Civil Action No: 04 11661 MLW
COMMITTEE; MATTHEW J. MCLAUGHLIN, )
individually, and in his capacity as Superintendent )
of Pentucket Regional School District; JOHN )
PARKHURST, individually, and in his capacity as )
Principal of Pentucket Regional High School; )
ARLENE TOWNES; individually, and in her )
Capacity as Principal of Pentucket Regional High )
School; DAVID MORSE, individually, and in his )
capacity as Athletics Director for Pentucket )
Regional High School; STEVEN HAYDEN, )
individually, and in his capacity as a Teacher and )
Coach at Pentucket Regional High School; )
MATTHEW BIANCI; ADAM CHAPMAN; )
SCOTT WILKES, )
    Defendants. )
)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MATTHEW WEYMOUTH'S MOTION TO DISMISS DEFENDANT ADAM CHAPMAN'S COUNTERCLAIM AND/OR FOR SUMMARY JUDGMENT

The Plaintiff Matthew Weymouth, ("Plaintiff"), submits this memorandum of law in support of his motion to dismiss Count One of Defendant Adam Chapman's Counterclaim against Matthew Weymouth for defamation arising out of the allegations set forth in the Plaintiff's Complaint.[1]

---

[1] For the purposes of this memorandum in support of the Plaintiff's Motion to Dismiss, Mr. Chapman's counterclaim of slander is referred to as a claim for defamation. The terms are interchangeable. See, e.g., *Ezekiel v. Jones Motor Co.*, 374 Mass. 382 (1978).

The Plaintiff's above-titled civil rights action was commenced on July 27, 2004. The action was prompted by an incident, which occurred August 23, 2003. The Plaintiff, while attending a summer high school football camp, was assaulted by upper classmen, including Mr. Chapman. Mr. Chapman acted to coerce the Plaintiff into a compromised situation, then assisted in detaining the Plaintiff while other students "teabagged" the Plaintiff and attempted to insert a peeled banana into his rectum. (See Plaintiff's Complaint ¶¶ 28-37).

Mr. Chapman has filed a Counterclaim in which in Count One he decries these allegations as defamatory. (Answer and Counterclaim of Defendant Adam Chapman, p. 19).

## II. ARGUMENT

The Plaintiff seeks to dismiss the Counterclaim. The defamation allegation fails to state a claim upon which relief can be granted and must be dismissed under FED. R. CIV. P. 12(b)(6). In considering the Plaintiff's motion to dismiss the Counterclaim, the Court must accept the veracity of Mr. Chapman's allegations and consider all reasonable inferences in favor of Mr. Chapman. *Hughes v. McMenamon*, 204 F.Supp.2d 178, 180 (2002) quoting *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir., 1997). Despite this favorable standard, it appears beyond doubt Mr. Chapman cannot marshal facts to support a claim of defamation that would entitle him to relief. *See Id.*; quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The statements Mr. Chapman alleges are defamatory constitute the basis of the Plaintiff's federal 42 U.S.C. § 1983 civil rights claim and pendant state claims. The Plaintiff made the statements as required to establish the grounds for his claims.

Moreover, this Honorable Court has discretion to decide whether this "[M]otion to [D]ismiss should be converted into [a] motion for summary judgment." FED. R. CIV. P. 12(b)(6), App. Note 162; *Sheldon v. Munford, Inc.*, 660 F.Supp. 130 (N.D.Ind. 1987). In order to

---

[2] This Statement is provided pursuant to Local Rule 56.1 in the event that the Court treats the instant motion as a Rule 56 Motion. All references set forth above are to pleadings on file with the Court.

defeat a motion for summary judgment when they set forth specific facts that demonstrate the existence of an authentic dispute.'" *Collier v City of Chicopee*, 158 F.3d 601, 604 (1st Cir. 1998)(quoting *McCarthy v Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995).[3] In the present case no dispute exists because the Plaintiff's pleadings are immune from Mr. Chapman's defamation claims.

In *Burns v. Reed*, 500 U.S. 478 (1991), an Indiana woman brought a 42 U.S.C. § 1983 civil rights suit against a prosecutor. The woman had been charged with a crime on the basis of statements given while under hypnosis. After the trial court suppressed the statements, the prosecutor dropped the charges and the woman brought her suit. The woman based her suit on the theory that when the prosecutor appeared at her probable cause hearing and presented evidence, the prosecutor committed defamation. Defamation supposedly occurred because the prosecutor knowingly misled the Court when he did not disclose that the incriminating statements were obtained while the woman was hypnotized. *Id*. at 487-88. The United States Supreme Court, in a majority opinion, held absolute immunity protects prosecutors, engaged in judicial procedures, from defamation suits. *Id*. at 492. In so holding, the Court stated "**witnesses,** prosecutors and other lawyers [are] absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings (at least so long as the statements [are] related to the proceeding) . . . ." *Id*. at 489-90 (*Emphasis added*).

*Burns'* legal precedent proves instructive in the current situation. *Burns* involved a defamation claim stemming from a criminal case. In the present case, the defamation claim has arisen as a counterclaim to a civil lawsuit. The Court made this point of law clearer in a concurrence to *Burns* written by Justice Scalia. The Court noted: "At common law, all statements made in the course of a court proceeding were absolutely privileged against suits for

---

[3] Conversion of a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment requires notice to the nonmoving party; which notice may be affected when the movant offers, in the motion to dismiss, the Court the option of conversion. *Collier v City of Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998).

defamation . . . (the court in the business of a private party bringing the suit)" could not be sued for defamation. *Id.*

Though *Burns* discussed immunity from defamation in the context of a criminal proceeding, the Court's decision reiterates the common law principle of universal immunity from defamation suits for individuals initiating legal proceedings. Thus, where a prosecutor is shielded from defamation suits for statements made during criminal proceedings, so too is any witness in a civil suit.

Additionally, *Correllas v. Viveiros,* 410 Mass. 314 (1991), provides support for the Plaintiff's argument to dismiss Mr. Chapman's defamation claim. In *Correllas*, the plaintiff's fellow employee accused of her complicity in a bank theft. *Id.* After acquittal at a jury trial, the plaintiff brought suit for defamation (among other claims) against her fellow employee. *Id.* The plaintiff argued the defendant's statements to the police during the investigation of the bank theft preceded the institution of formal judicial proceedings, and therefore, the statements were not protected. *Id.* The lack of privilege would have allowed the plaintiff to sue for defamation. The Massachusetts Supreme Court held:

> [S]tatements by a party, counsel, or witness *in the institution*, or during the course of, *a judicial proceeding* are absolutely privileged provided such statements relate to that proceeding."

*Correllas* at 321; 11(quoting *Sriberg v. Raymond*, 370 Mass. 105, 108; 345 N.E.2d 882 (1976))(emphasis in *Correllas*). Here, the statements Mr. Chapman alleges are defamatory were made in the Plaintiff's Complaint. A complaint is an absolutely integral element of procedure necessary to institute any civil judicial proceeding. Therefore, the Plaintiff's statements in the current Complaint are privileged, and shielded from Mr. Chapman's defamation counterclaim.

Accordingly, Federal and Massachusetts' law recognize that party statements made during the institution or course of a judicial proceeding deserve absolute immunity from defamation charges. *Burns* at 489-490 (1991); *Correllas* at 321; 11. The alleged defamatory statements must relate to the proceeding in question in order to avoid a defamation suit. *Burns* at

basis for pleadings integral to this civil action, e.g. that the Plaintiff was sexually assaulted by Mr. Chapman and members of the high school football team while at football camp, Mr. Chapman may not base a claim for defamation upon these factual statements. Therefore, Mr. Chapman's Counterclaim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III. CONCLUSION

Based on the foregoing arguments and authorities, the Plaintiff respectfully urges this Honorable Court to grant his motion to dismiss.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
Terence K. Ankner, Esquire
BBO #552469
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley St., 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

Attorneys for Plaintiff,
Matthew Weymouth

Dated: October 7, 2004

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 7th day of October, 2004, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MATTHEW WEYMOUTH'S MOTION TO DISMISS DEFENDANT ADAM CHAPMAN'S COUNTERCLAIM AND/OR FOR SUMMARY JUDGMENT was served electronically upon Scott F. Gleason, GLEASON LAW OFFICES, P.C., 163 Merrimack Street, Haverhill, MA, 01830.

Peter Charles Horstmann, Esquire