UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW WEYMOUTH,<br>    Plaintiff,<br><br>v.<br><br>PENTUCKET REGIONAL SCHOOL DISTRICT;<br>PENTUCKET REGIONAL SCHOOL<br>COMMITTEE; MICHAEL J. MCLAUGHLIN,<br>individually, and in his capacity as Superintendent<br>of Pentucket Regional School District; JOHN<br>PARKHURST, individually, and in his capacity as<br>Principal of Pentucket Regional High School;<br>ARLENE TOWNES; individually, and in her<br>Capacity as Principal of Pentucket Regional High<br>School; DAVID MORSE, individually, and in his<br>capacity as Athletics Director for Pentucket<br>Regional High School; STEVEN HAYDEN,<br>individually, and in his capacity as a Teacher and<br>Coach at Pentucket Regional High School;<br>MICHAEL BIANCI; ADAM CHAPMAN;<br>SCOTT WILKES,<br>    Defendants. | Civil Action No: 04-11661MLW |

## **RULE 56(f) AFFIDAVIT OF PETER C. HORSTMANN, ESQUIRE**

I, Peter Charles Horstmann, Esquire, on oath depose and state as follows:

    1.    I am counsel to the plaintiff Matthew Weymouth ("Weymouth") in this case. I make this affidavit pursuant to Fed. R. Civ. P. 56(f) to demonstrate that Defendants Pentucket Regional School District, Pentucket Regional School Committee, Michael J. McLauhlin, John Parkhurst, Arlene Townes, David Morse and Steven Hayden's (hereinafter collectively referred to as "Pentucket Defendants") Motion for Summary Judgment should be denied because Hickey has not yet had, but should be permitted, an opportunity to conduct discovery that is of central importance to issues raised by their Motion to Dismiss.

2. The Pentucket Defendants filed their Motion well in advance of any scheduling conference or discovery deadline set for this case. In their Motion to Dismiss, the Pentucket Defendants assert that "no reasonable person could find such conduct shocks the conscience." See Memorandum In Support of Motion to Dismiss Federal Claims, p. 10.[1] At best, this is a mixed question of law and fact and more appropriately resolved pursuant to Rule 56 after full discovery. The Pentucket Defendants, however, have overlooked that plaintiff has not yet conducted discovery in this case. It is anticipated that additional information will be obtained through discovery which will further "shock the conscience."

3. This case involves an incident wherein Weymouth was sexually assaulted by fellow members of the Pentucket High School football team despite an anti-hazing policy and personal assurances from both Defendants Hayden and Morse that he would not be hazed. Defendant Morse created a more dangerous situation by telling other members of the football team of Weymouth's concerns. Weymouth would not have attended football camp, but for the assurances of Defendants Hayden and Morse. In addition to his personal knowledge that hazing has been permitted by school officials at football camp for many years, Weymouth is also in possession of E-mails, and correspondence from former students and parents confirming the existence of this practice.

4. Evidence obtained through discovery on these matters will assist the court's determination of Weymouth's claims against the Pentucket Defendants.

5. At a minimum, Weymouth requires an adequate opportunity during the discovery period to depose the Defendants on the issue of their prior knowledge and communication with Weymouth and his mother.

6. In sum, the Court should deny the Motion to Dismiss and order a continuance to permit Weymouth time to obtain affidavits and to depose the individuals likely to possess information material to the issues raised in his Complaint.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4th DAY OF NOVEMBER, 2004.

_____
Peter Charles Horstmann, Esquire

---

[1] Referring to a line of cases adopted by the First Circuit granting jurisdiction pursuant to 42 U.S.C. § 1983 where the conduct of state officials "shocks the conscience" under the "state created danger theory." See Hasenfus v La Jeunesse, 175 F.3d 68, 72 (1st Cir. 1999).