UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
MATTHEW WEYMOUTH,                           )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )
PENTUCKET REGIONAL SCHOOL DISTRICT;         )
PENTUCKET REGIONAL SCHOOL                   )   Civil Action No: 04 11661 MLW
COMMITTEE; MATTHEW J. MCLAUGHLIN,           )
individually, and in his capacity as Superintendent )
of Pentucket Regional School District; JOHN )
PARKHURST, individually, and in his capacity as )
Principal of Pentucket Regional High School; )
ARLENE TOWNES; individually, and in her     )
Capacity as Principal of Pentucket Regional High )
School; DAVID MORSE, individually, and in his )
capacity as Athletics Director for Pentucket )
Regional High School; STEVEN HAYDEN,        )
individually, and in his capacity as a Teacher and )
Coach at Pentucket Regional High School;    )
MATTHEW BIANCI; ADAM CHAPMAN;               )
SCOTT WILKES,                               )
    Defendants.                             )
_____)

**PLAINTIFF'S MOTION TO AMEND COMPLAINT AND FOR ADDITIONAL TIME TO FILE AMENDED COMPLAINT**

NOW COMES the Plaintiff, Matthew Weymouth, through counsel, and respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure, Rule 15(a) for leave to amend the instant Complaint and for an additional period of sixty (60) days to file the Amended Complaint. In support thereof Counsel states the following:

1. On or about July 27, 2004, the Plaintiff filed a Complaint and Jury Demand in this Court essentially seeking relief pursuant to Title 42 U.S.C. § 1983, as a result of an

1

incident, which occurred while the Plaintiff was attending a mandatory football camp for the Pentucket Regional High School football team.

2. On or about May 25, 2005, a hearing was held in this Court on the Defendants' Motion to Dismiss the § 1983 claims.

3. At the Hearing, defense counsel and the Court were concerned about the impact of *Rivera v. State of Rhode Island*, 402 F.3d 27 (1st Cir. 2005), which was decided by the United States Court of Appeals for the First Circuit on March 22, 2005, eight months after the filing of the Plaintiff's Complaint and Jury Demand and while the Defendant's Motion to Dismiss was pending with the Court.

4. At the Hearing, the Court expressed its view that *Rivera* is now the law in this Circuit with respect to the pleading of §1983 claims involving state created danger theories of liability.

5. Thereafter, this Court issued an Order dated May 26, 2005, in which it required Plaintiff's counsel to file an application for an Amended Complaint on or before June 6, 2005.

6. In its Order the Court reminded Counsel of its obligation pursuant to Federal Rules of Civil Procedure, Rule 11.

7. In order to amend the Complaint and comply with Rule 11, the undersigned counsel is seeking a 60-day period, in which to conduct an additional investigation of the facts and circumstances of this incident, in order to more appropriately plead a § 1983 claim consistent with this Court's interpretation of *Rivera*, if appropriate.

8. Pursuant to Federal Rules of Procedure, Rule 15(a), this Court has discretion to permit the amendment of pleadings and "leave shall be freely given when justice so requires."

9. Plaintiff has not previously sought to amend the Complaint and Jury Demand.

10. It is respectfully submitted that in the interests of justice, the potential clarification of the law relating to the instant claim by the United States Court of Appeals for the First Circuit in *Rivera* during the pendancy of the Defendant's Motion to Dismiss, requires Plaintiff be given a 60-day period of time to file the Amended Complaint.

11. The undersigned counsel is aware of potential witnesses who he will attempt to have interviewed, but which require additional time to locate and interview.

12. The Defendants will not be prejudiced by any delay.

WHERFORE based on the foregoing arguments and authorities this Honorable Court is respectfully urged to grant the Plaintiff an additional period of 60 days to amend his Complaint.

Respectfully Submitted,

Peter Charles Horstmann, Esquire
B.B.O. No. 566377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

ATTORNEY FOR PLAINTIFF MATTHEW WEYMOUTH

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon:

**Counsel for Pentucket Regional et al.:**

Gregg S. Blackburn, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

**Counsel for Michael Bianci and Adam Chapman:**

Scott F. Gleason, Esq.
Melissa J. Lewandowski, Esq.
Gleason Law Offices, P.C.
163 Merrimack Street
Haverhill, MA 01830

**Counsel for Scott Wilkes:**

Vincent C. Manzi, Esq.
Charles S. Nierman, Esq.
Manzi & McCann
59 Jackson Street
Lawrence, MA 01840

**Co-Counsel for David Morse and Steven Hayden:**

Bradley A. MacDonald, Esq.
Cummings, King and MacDonald
One Gateway Center, Suite 351
Newton, MA 02458-2802

counsel of record in this matter by **electronic filing** and **first-class mail** on June 6, 2005.

Peter Charles Horstmann, Esquire