UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11661MLW

MATTHEW WEYMOUTH
    Plaintiff,

v.

PENTUCKET REGIONAL SCHOOL DISTRICT;
PENTUCKET REGIONAL SCHOOL COMMITTEE;
MICHAEL J. MCLAUGHLIN, individually, and in his
capacity as Superintendent of Pentucket Regional School
District; JOHN PARKHURST, individually, and in his
capacity as Principal of Pentucket Regional High School;
ARLENE TOWNES, individually, and in her capacity as
Principal of Pentucket Regional High School;
DAVID MORSE, individually, and in his capacity as
Athletics Director for Pentucket Regional High School;
STEVEN HAYDEN, individually, and in his capacity as a
Teacher and Coach at Pentucket Regional High School;
MICHAEL BIANCI; ADAM CHAPMAN;
SCOTT WILKES,
    Defendants.

## OPPOSITION OF PENTUCKET DEFENDANTS
## TO MOTION FOR ADDITIONAL TIME TO AMEND COMPLAINT

The "Pentucket Defendants"[1] hereby oppose plaintiff's motion to amend the complaint and for additional time to file an amended complaint.

As grounds for the opposition, the Pentucket Defendants state that after a lengthy and probative hearing on the legal issues this court granted plaintiff until June 6 to file a motion to amend and an amended complaint, if that could be done consistent with Fed. R. Civ. P. 11. The plaintiff was evidently unable to comply and now seeks 60 days for further investigation of facts relating to this Aug. 23, 2001 incident.

---

[1] Pentucket Regional School District, Pentucket Regional School Committee, and Michael J. McLaughlin, John Parkhurst, Arlene Townes, Steven Hayden and David Morse

The motion for an additional 60 days should be denied, because, contrary to plaintiff's argument, *Rivera v. Rhode Island*, 402 F.3d 27 (Cir. 1 2005) did not make new law and plaintiff has had nearly four years to find support for the civil rights claim he seeks to make. Moreover, plaintiff Matthew Weymouth has personal knowledge of facts that preclude any reasonable likelihood of being able to comply with Rule 11 and allege what must be alleged to survive a motion to dismiss.

At argument, the court pinpointed what would have to be alleged – that the state actors affirmatively enlisted private citizens to cause harm to the plaintiff through conduct that was "truly outrageous, uncivilized, and intolerable." *Canty v. Old Rochester Regional School Dist.* 54 F.Supp. 2d 66 (Mass. 1999). The court rightly pointed out that, based on the claims asserted in the original complaint, that would most probably involve alleging that athletic director David Morse and/or coach Steven Hayden targeted plaintiff for abuse by members of the football team, knowingly encouraging them to commit some form of invasive assault that would violate plaintiff's right to freedom from bodily interference. The legal requirements to state a claim of this nature are the same after *Rivera* as they were when described by *Canty* and First Circuit cases such as *Hasenfus v. LaJeunesse*, 175 F.3d 68, 72 (1st Cir. 1999). Plaintiff's argument that *Rivera* requires him to make a claim that is materially different from what was sufficient when the complaint was filed on July 27, 2004 is simply a red herring.

In addition, plaintiff is fully aware that he cannot comply with Rule 11 and at the same time allege what he must to state a claim. Matthew Weymouth is well aware that on September 25, 2001, the day that Coach Hayden heard rumors of the football camp incident, he immediately called a meeting of the football team and began questioning its members. After questioning, several admitted knowledge or participation. He immediately informed the

principal, Arlene Townes, and she and the assistant principal launched a further investigation and called the parents of all involved the very next day. As Matthew Weymouth also knows, on Sept. 27, Ms. Townes suspended several players. She later required the alleged perpetrators to participate in counseling paid for by the school district and offered voluntary counseling to Matthew Weymouth. As counsel must know, these are not the actions of school system employees who were encouraging students to commit reprehensible and uncivilized acts so as to interfere with anyone's Constitutional right to be free of bodily interference. Finally, the motion for additional time fails to even reference any hopeful lead to supportive information, indicating that there is none.

Since there is no hope of amending in such a way as to state a claim within the bounds of Rule 11, allowing further time for investigation is a waste of this court's time and resources. The complaint should be dismissed forthwith.

Dated: June 10, 2005

Respectfully submitted,

Defendants,
**PENTUCKET REGIONAL et al.**
By their attorney,

/s/ Gregg S. Blackburn

Gregg S. Blackburn, BBO# 044430
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon: